UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF MICHIGAN
NORTHERN DIVISION

JANE DOE (pseudonym), an adult student with a disability, and JANE ROE, as attorney-in-fact for JANE DOE,

    Plaintiffs,

v.

TRAVERSE CITY AREA PUBLIC SCHOOLS, and
NORTHWEST EDUCATION SERVICES,

    Defendants.

Case No. _____
Hon. _____

## COMPLAINT AND JURY DEMAND

1. Plaintiffs bring this civil action for declaratory, injunctive, and monetary relief arising from Defendants' discrimination against an adult student with a disability in Defendants' public education programs and services.

2. Plaintiffs file a contemporaneous motion for leave to proceed under pseudonym. The use of "Jane Doe" in this Complaint is solely for public docket purposes, pending the Court's order.

## JURY DEMAND

3. Plaintiffs demand a trial by jury on all claims so triable.

## NATURE OF THE ACTION

4. This is a civil rights and disability-discrimination action based on Defendants' exclusion of Jane Doe from public special-education programming and transition services; predetermination of placement and course-of-study outcomes; interference with meaningful

1

participation in the evaluation and IEP process; denial of timely access to records and meeting recordings needed to participate; and use of enrollment/status barriers to deny services.

5. Plaintiffs seek immediate temporary and preliminary injunctive relief to halt ongoing harm and to restore lawful access to Defendants' programs and procedures, and permanent relief and damages as allowed by law.

## PARTIES

6. Plaintiff Jane Doe is an adult student with a disability. She has Down syndrome and is eligible for special education and related services.

7. Plaintiff Jane Roe is Jane Doe's attorney-in-fact. Defendants' own records reflect: "Student is her own guardian. Durable Power of Attorney documentation is in file."

8. Defendant Traverse City Area Public Schools ("TCAPS" or "District") is a public school district in Michigan responsible for providing public education services, including special education and related services, to eligible students.

9. Defendant Northwest Education Services ("NWES") is a public education entity that provides and/or participates in special-education services, evaluations, and related programming in the District and the region, including through staff involved in the actions described in this Complaint.

10. At all relevant times, Defendants acted under color of state law and were recipients of federal financial assistance.

## JURISDICTION AND VENUE

11. This Court has subject matter jurisdiction under 28 U.S.C. §§ 1331 and 1343 because this action arises under the Americans with Disabilities Act, Section 504 of the Rehabilitation Act, and 42 U.S.C. § 1983.

12. Venue is proper in this District under 28 U.S.C. § 1391(b) because Defendants reside in this District and a substantial part of the events and omissions giving rise to these claims occurred in this District, including in and around Traverse City, Michigan.

## FACTUAL ALLEGATIONS

13. The factual allegations below are representative examples. Defendants' discriminatory and exclusionary conduct also included additional acts and omissions of the same character occurring before, during, and after the events described, which will be proven through discovery.

14. Jane Doe is eligible for special education and related services, including transition services. At all relevant times, Defendants knew she was eligible and that her disability affects communication, executive functioning, and the need for supports and structured services.

15. Despite eligibility, Defendants repeatedly treated access to education as discretionary by framing Jane Doe as "not enrolled" or otherwise outside Defendants' responsibility, while simultaneously acknowledging she remained eligible for services through an IEP.

16. On or about July 17, 2025, District communications reflected this contradiction: acknowledging Jane Doe's eligibility for FAPE through an IEP, but also stating she "was not enrolled in the District," and using enrollment status to limit services and participation.

17. During the same period, the District communicated that "absent additional information" it had "no factual basis" to change the programming it was offering, signaling predetermination and refusal to meaningfully consider the student's and Plaintiffs' input.

18. Defendants convened and revised REED/evaluation processes in 2024–2025 in ways that did not ensure meaningful participation and that misrepresented participation, including marking participants as present "in person" when they were not present, and proceeding without confirming notice and arrangements despite Plaintiffs' requests.

19. Defendants constrained IEP scheduling to a narrow window and proceeded with decisions despite Plaintiffs' requests for reasonable scheduling accommodation. Defendants then relied on timeline language to justify proceeding without meaningful participation rather than ensuring accessibility and full participation.

20. On August 22, 2025, Defendants circulated a draft IEP for an August 26, 2025 meeting. The draft reflected high-stakes course-of-study and transition implications.

21. On August 26, 2025, Defendants proceeded with an IEP meeting and/or decisions affecting Jane Doe's course of study and services. The "Course of Study" was noted as "Certificate of Completion."

22. The draft IEP also reflected a diploma-pathway context. It included language such as: "Document how student will meet MMC requirements for a diploma. No other options were considered."

23. Defendants' notice materials reflected that "continuing course of study leading to high school diploma" was an option but was marked "not selected," with the rationale referencing Jane Doe's age (20) and credits rather than a current individualized evaluation and the full continuum of placements and services.

24. Defendants restricted access to records and denied Plaintiffs a copy of the IEP meeting recording, offering only an in-building review/listening option. This denied Plaintiffs meaningful ability to review what occurred, to confer with counsel, and to respond in a timely and informed manner.

25. Defendants' handling of course-of-study and placement was predetermined, relied on outdated or incomplete data, and failed to meaningfully evaluate or consider Plaintiffs' input and less restrictive options.

26. Defendants made educational and placement decisions without current evaluations, present levels of performance, progress monitoring data, or transition assessments, and did not meaningfully share the information relied upon prior to decision-making, depriving Plaintiffs of an opportunity to review, respond, or challenge the basis for decisions affecting Jane Doe's education.

27. Defendants also used enrollment and system-status actions to justify denial of services and participation rights, including removing or attempting to remove Jane Doe from enrollment systems and then citing those actions as grounds to deny access.

28. Plaintiffs pursued administrative and informal remedies, including state-level complaint and mediation efforts, but those processes did not provide timely corrective action and did not prevent ongoing harm.

29. As a direct and proximate result of Defendants' conduct, Jane Doe has suffered loss of educational benefit, denial of services and transition opportunities, and dignitary and emotional harms associated with exclusion and discriminatory treatment. Plaintiffs have incurred expenses and substantial burdens pursuing relief and substitute supports.

## CLAIMS FOR RELIEF

### COUNT I
### Violation of Title II of the Americans with Disabilities Act (42 U.S.C. § 12132)
### (Against All Defendants)

30. Plaintiffs incorporate by reference paragraphs 1 through 29 as if fully set forth herein.

31. Jane Doe is a qualified individual with a disability.

32. Defendants are public entities subject to Title II of the ADA.

33. By reason of disability, Defendants excluded Jane Doe from participation in, denied her the benefits of, and otherwise discriminated against her in Defendants' services, programs, and

activities, including special-education programming, evaluation and IEP processes, transition services, and access to records and participation tools necessary to obtain services.

34. Defendants' discrimination and exclusion are ongoing and cause irreparable harm absent injunctive relief.

35. Plaintiffs are entitled to declaratory and injunctive relief, compensatory damages, and attorney fees and costs.

## COUNT II
### Violation of Section 504 of the Rehabilitation Act (29 U.S.C. § 794)
### (Against All Defendants)

36. Plaintiffs incorporate by reference paragraphs 1 through 35 as if fully set forth herein.

37. Defendants receive federal financial assistance.

38. Jane Doe is an individual with a disability and otherwise qualified to participate in Defendants' educational programs and services.

39. Defendants excluded Jane Doe from participation in and denied her the benefits of Defendants' programs and services, and subjected her to discrimination, solely by reason of disability, including through deliberate indifference to her need for meaningful process participation and access to services.

40. Plaintiffs are entitled to declaratory and injunctive relief, compensatory damages, and attorney fees and costs.

## COUNT III
### 42 U.S.C. § 1983 – Procedural Due Process (Fourteenth Amendment)
### (Against All Defendants)

41. Plaintiffs incorporate by reference paragraphs 1 through 40 as if fully set forth herein.

42. Jane Doe has protected property and liberty interests in access to public education services for which she is eligible and, in the procedures, Defendants must provide before depriving her of

that access, including meaningful participation in decisions affecting placement, course of study, and services, and timely access to records necessary for that participation.

43. Defendants, acting under color of state law, deprived Jane Doe of due process by excluding her and her lawful representative from meaningful participation; withholding access to records and participation tools; and using enrollment/status barriers and system removals to deny services without lawful process.

44. These due process deprivations were caused by Defendants' policies, practices, and customs, including the routine use of enrollment/status barriers to deny services to eligible students, and the practice of proceeding with evaluation/IEP decision-making without ensuring accessible and meaningful participation.

## COUNT IV
### Violation of Michigan Persons with Disabilities Civil Rights Act (M.C.L. § 37.1101 et seq.)
### (Against All Defendants)

45. Plaintiffs incorporate by reference paragraphs 1 through 45 as if fully set forth herein.

46. Jane Doe is a person with a disability within the meaning of the Michigan Persons with Disabilities Civil Rights Act.

47. Defendants are persons and/or public entities subject to the Michigan Persons with Disabilities Civil Rights Act and were responsible for providing, administering, or participating in educational services and related programs available to the public.

48. By reason of Jane Doe's disability, Defendants denied her the full and equal enjoyment of educational services, benefits, and opportunities, and otherwise discriminated against her, including by using enrollment/status barriers, predetermining placement and course-of-study outcomes, failing to provide services and supports, and denying meaningful access to records and participation tools necessary to secure services.

49. As a direct and proximate result of Defendants' violations, Plaintiffs have suffered damages and are entitled to declaratory and injunctive relief, compensatory damages as allowed by law, and reasonable attorney fees and costs.

50. Plaintiffs are entitled to declaratory and injunctive relief, compensatory damages, and attorney fees and costs.

## PRAYER FOR RELIEF

WHEREFORE, Plaintiffs request that the Court enter judgment in their favor and award the following relief:

1. Declaratory relief that Defendants' acts and omissions violated Title II of the ADA, Section 504, and the Fourteenth Amendment.

2. Temporary restraining, preliminary, and permanent injunctive relief requiring Defendants to restore and maintain Jane Doe's access to Defendants' educational programs and services pending final judgment, including enrollment/status restoration; a properly constituted IEP meeting within a Court-ordered timeframe; and timely production of records and any meeting recordings necessary for meaningful participation.

3. Compensatory education and other equitable relief sufficient to remedy the loss of educational benefit and services caused by Defendants' violations.

4. Reimbursement for appropriate privately funded educational supports necessitated by Defendants' violations.

5. Compensatory damages as allowed by law.

6. Pre-judgment and post-judgment interest as allowed by law.

7. Reasonable attorney fees and costs under applicable statutes.

8. Such other and further relief as the Court deems just and equitable.

Respectfully submitted,

Carla D. Aikens, PLC

*/s/ Carla D. Aikens*
Carla D. Aikens (P69530)
615 Griswold St., Suite 709
Detroit, MI 48226
(844) 835-2993
carla@aikenslawfirm.com
*Counsel for Plaintiffs*